318

Curtis Perry JONES *v.* STATE of Arkansas

CA CR 80-83                                    615 S.W. 2d 388

Court of Appeals of Arkansas
Opinion delivered May 13, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Linda Faulkner Boone*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. Appellant was tried on December 28, 1979, before a jury on a charge of first degree

murder. Following trial, he was found guilty of the lesser included offense of manslaughter, and was sentenced to 10 years in the Arkansas Department of Corrections. From that verdict and judgment comes this appeal.

The appellant was convicted of manslaughter in the shooting death of his stepfather, John Otis Jones. The appellant and some friends had been in a room off the back porch of the house listening to music. Appellant and his stepfather got into an argument, apparently about the volume of the music, and harsh words were exchanged. The decedent went into a bathroom, and appellant went into his bedroom and got his pistol. The parties met on the porch and the decedent threatened to knock appellant's brains out with a bed slat he had in his hand. The decedent moved toward appellant with the board and appellant shot him twice, causing his death.

As his first point for reversal appellant argues that the trial court erred in refusing to allow evidence of decedent's violent character to demonstrate appellant's state of mind. The proffered evidence related to the fact that some two days prior to the shooting the mother of appellant and wife of decedent, Dorothy Jones, had been choked by the decedent and that Curtis Jones, appellant here, was aware of this prior violence. The trial court refused to allow appellant's mother and sister to testify about this prior act.

At trial, defense counsel indicated that appellant was protecting himself and his mother at the time of the shooting and that the evidence was being offered as something which was "directly connected with it, an event, even on the Friday night immediately preceding the killing on Sunday afternoon at 2:30, ..." There was no indication by counsel at that time that the evidence was being offered to show appellant's state of mind at the time of the shooting.

Although the appellant was charged with first degree murder he was convicted of a lesser included offense of manslaughter under Ark. Stat. Ann. § 41-1504 (Repl. 1977).

To convict on manslaughter the killing must have been

one which would have been murder but for "extreme emotional disturbance for which there is reasonable excuse." Reasonableness of the excuse is to be determined by reference to appellant's perception of the circumstances at the time of the killing. Ark. Stat. Ann. § 41-1504 (Repl. 1977).

Under Ark. Stat. Ann. § 41-506 (Repl. 1977) justification is a defense to the use of physical force where the person is defending himself or a third person if he reasonably believes the other is about to use unlawful physical force.

Under Ark. Stat. Ann. § 41-507 (Repl. 1977) deadly physical force may be used if the person reasonably believes the other is about to commit a felony involving force or violence or is about to use deadly physical force.

The appellant argues on appeal that his state of mind at the time of the shooting was an essential element of his defense of self-defense and therefore the trial court was in error in refusing to allow his mother and sister to testify about the violent act committed by decedent two days earlier.

We find this argument to be without merit and believe the trial court correctly excluded the testimony as to the specific instances of aggressive conduct on the part of decedent. Rule 405 (a) of the Uniform Rules of Evidence provides that a trait of character may be proved by testimony as to reputation or by testimony in the form of an opinion and that on cross-examination inquiry may be made as to relevant specific instances. Testimony was adduced as to decedent's reputation for violence.

Rule 405 (b) provides:

(b) Specific Instances of Conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct. [Ark. Stat. Ann. § 28-1001, Rule 405 (Supp. 1977).]

Thus, the question here is whether the trait of character of decedent was an essential element of appellant's defense of

self-defense. There is little question in this case that decedent was the aggressor, though there was evidence from which the jury could have found provocation by appellant. We hold that decedent's character as an aggressive person was not an essential element of appellant's defense of self-defense. "One might plead self-defense after having killed the most gentle soul who ever lived." *McClellan* v. *State*, 264 Ark. 223, 570 S.W. 2d 278 (1978).

Communicated threats and declarations of hostile purpose made at a point close in time to the killing may be admissible as part of the res gestae in self-defense cases. *Brockwell* v. *State*, 260 Ark. 807, 545 S.W. 2d 60 (1976). In *Brockwell*, the appellant was defending his daughter and his home from one who had made threats against the daughter the same day and near the time of the killing. Here, appellant was not a party to the choking incident (although he was aware of it) and there is no evidence in the record to indicate that he was defending his mother. In fact, appellant testified that he was not defending his mother. The evidence of prior acts was not admissible as part of the res gestae.

In the case at bar we are not even dealing with the appellant testifying as to his knowledge of prior violent acts. That type testimony has been held to be relevant in determining appellant's reasons for his apprehension of imminent danger. *Pope* v. *State*, 262 Ark. 476, 557 S.W. 2d 887 (1977). Appellant did not attempt to testify about the choking incident but did testify that his fear of imminent injury was based on prior threats against him by decedent with the same board. Appellant was able to fully develop his defense of justification and to show the reasonableness of his apprehension. We do not find any prejudice in the exclusion of the proffered testimony of the. mother and sister.

For his second point for reversal, appellant argues that the trial court erred in modifying AMCI 4105. Appellant argues that the trial court replaced in its entirety a paragraph of that instruction. This actually was not the case. The Court inserted a paragraph from AMCI 4104 which dealt with the question of provocation. Ark. Stat. Ann. § 41-506 (Repl. 1977) and AMCI 4104 provide that a person is not

justified in using physical force if he provoked the use of unlawful force by the other person. Ark./Stat. Ann. § 41-507 (Repl. 1977) and AMCI 4105 enumerate the situations where the use of *deadly* physical force may be justified. No mention of provocation is found in Ark. Stat. Ann. § 41-507 (Repl. 1977) or AMCI 4105, but obviously the provocation restriction on the defense of justification applies equally to the use of "physical force" and "deadly physical force." "Deadly physical force" is defined under Ark. Stat. Ann. § 41-501 (Repl. 1977) to include "physical force."

The Court could have given both instructions, but the majority of AMCI 4104 would have been a repetition of AMCI 4105 and the trial court apparently felt it would be less confusing to the jury and would accurately state the applicable law to combine the two instructions. We agree with the approach taken by the trial court. We find no prejudice against the interests of the appellant by the combination of the two instructions nor do we find any misstatement of the law.

Appellant argues that the addition of the paragraph regarding provocation somehow gave the jury the impression that appellant was the aggressor. There is a great deal of difference in aggression and provocation and we do not see any basis for the claim that this instruction gave the impression that appellant was the aggressor. There was evidence from which the jury could have found that appellant had provoked decedent by virtue of the argument and obscene language directed back and forth between the two parties prior to the shooting.

We find no error on either point raised by appellant and therefore we affirm.

Affirmed.