**Phillip BOHANNON, Movant,**

v.

**Al C. RUTLAND, d/b/a Rutland's Barbeque, Hopkinsville, Kentucky, Respondent.**

Supreme Court of Kentucky.

May 26, 1981.

Joe A. Owen, Robert L. Prince, Prince & Owen, Benton, for movant.

John J. Chewning, Hopkinsville, for respondent.

AKER, Justice.

This case involves the dismissal of a complaint in Christian Circuit Court pursuant to Civil Rule 77.02(2).

Appellant Phillip Bohannon filed a complaint on August 25, 1978, in which he alleged that he suffered food poisoning after eating food prepared by Appellee Rutland's restaurant for a company picnic on August 27, 1977. After filing his complaint the appellant took no further affirmative steps for a period of one year. The appellee, however, took several defensive steps including serving interrogatories on appellant, which he answered, and the taking of depositions. Settlement negotiations were undertaken, but no agreement could be reached.

On August 31, 1979, just over one year after the complaint was filed, the appellee filed a motion to dismiss appellant's complaint " . . . for failure to prosecute and further . . . that the Court exercise its authority under the provisions of Civil Rule 77.02(2) . . . . "

**2.** Note 1, supra.

Appellant Bohannon answered appellee's motion to dismiss by arguing that the phrase "no pretrial steps" in CR 77.02(2) means that neither party has taken any action on the case in the preceding year. The appellee contends that the rule applies to cases in which no pretrial steps had been taken *by the plaintiff* in the action during the preceding year, and that any pretrial steps taken by the defendant in an action could not be used by the plaintiff to save his case from the "housekeeping" action of CR 77.02(2). The Christian Circuit Court dismissed appellant's complaint pursuant to CR 77.02(2). The dismissal was affirmed by the Court of Appeals. We granted discretionary review. Rule 77.02(2) states in pertinent part:

"At least once a year trial courts shall review all pending actions on their dockets. Notice shall be given to each attorney of record of every case in which no pretrial step has been taken within the last year, that the case will be dismissed in thirty days for want of prosecution except for good cause shown. The court shall enter an order dismissing each case in which no answer or an insufficient answer to the notice is made."

The purpose of CR 77.02(2) is to afford trial judges a means by which they may periodically review their dockets and purge them of cases which have lapsed into inactivity. We construe the phrase "no pretrial steps" to encompass situations in which no action of record has been taken by either party during the year next preceding the judges' review of the docket. When a plaintiff fails to prosecute an action, CR 41.02(1) provides a clearly defined remedy for the opposing party. In the instant case counsel for the defendant-appellee made his motion to dismiss both for failure to prosecute and under the provisions of CR 77.-02(2). The trial judge opted to dismiss the case pursuant to CR 77.02(2) rather than CR 41.02(1). We find this dismissal pursuant to CR 77.02(2) to be in error because several "pretrial steps" had been taken during the year. If the trial judge concluded that the plaintiff had failed to prosecute the action as alleged in defendant-appellee's motion, the proper course would have been to dismiss the complaint pursuant to CR 41.02(1).

Accordingly, the decision of the Court of Appeals and the judgment of the Christian Circuit Court are reversed and the case is remanded to the Christian Circuit Court for reconsideration of defendant-appellee's motion under CR 41.02(1).

All concur except CLAYTON, J., who is not sitting.