Raymond HAMPTON *v.* STATE of Arkansas

CA CR 82-70                              639 S.W.2d 754

Court of Appeals of Arkansas
Opinion delivered October 13, 1982

*Donald E. Bishop,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

Tom Glaze, Judge. This is a criminal case in which appellant was convicted of second degree murder. For reversal, appellant advances three arguments.

## POINT I
## THE COURT ERRED IN PERMITTING EVIDENCE OF THE DEFENDANT'S PRIOR FELONY CON-

VICTION WHICH WAS MORE THAN TEN YEARS OLD.

The appellant argues that the trial court should have sustained his objection to exclude the following testimony elicited from appellant on cross-examination:

Q. Mr. Hampton, is it not a fact that you could not have legally possessed this weapon on the date in question?

A. True.

Q. Why is that?

. . .

A. Because I done ten months in Missouri State Penitentiary in 1969.

Appellant contends this testimony related to a burglary conviction which occurred more than ten years before the present murder charge and was therefore inadmissible under Rule 609 of the Uniform Rules of Evidence. The State argues the testimony elicited from appellant on cross-examination was admissible under Rule 404 (b) to show he illegally possessed a handgun, a fact which bore on appellant's state of mind the night of the shooting. Rule 404 (b) provides:

(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

This Court previously has pointed out the difficulty in applying Rule 404 (b). *Price* v. *State*, 267 Ark. 1172, 599 S.W.2d 394 (Ark. App. 1980), *aff'd*, 268 Ark. 535, 597 S.W.2d 598 (1980). In *Price*, we explained our interpretation of the Rule when deciding whether evidence of other offenses should be admitted. We said:

In our view, the rule should be interpreted to exclude evidence of other offenses when its only purpose is to show the accused's character or some general propensity he might have to commit the particular sort of crime in question. It should not be interpreted to exclude evidence of other offenses when that evidence is probative of the accused's participation in the particular crime charged. If it is probative of his participation the only remaining question should be whether it is so prejudicial that it should be excluded because the prejudice brought about by exposition of other offenses is not sufficiently balanced by the probative value of the evidence on the facts sought to be proved. See, Rule 403.

267 Ark. at 1176, 599 S.W.2d at 396-97.

In affirming *Price,* the Arkansas Supreme Court held that Rule 404 (b) clearly permits testimony of other criminal activity "if it has relevancy independent of a mere showing that the defendant is a bad character." 268 Ark. 535, 538, 597 S.W.2d 598, 599 (1980). The Supreme Court added that once the independent relevancy of "other crimes evidence" is established, that "other crimes evidence" ought to be scrutinized under the substantial prejudice rule of 403, whether or not defendant raises that issue. *Id.*

In the case at bar, opposing, conflicting testimonies were given that both the appellant and the victim were out to get one another. Testimony was heard that each made threats to the other, each was the aggressor, and each was innocent. There were witnesses who testified that appellant had displayed a pistol and had threatened to kill the victim, both the day of and before the shooting incident. Appellant countered this testimony by claiming that he had a pistol in his truck on the night of the shooting because earlier that day he and his wife had gone to the dump to shoot it.

At trial, appellant relied upon justification as a defense as defined under Ark. Stat. Ann. § 41-507 (Repl. 1977). Consequently, evidence tending to explain his conduct or state of mind was admissible. See *Brockwell* v. *State,* 260 Ark. 807, 815, 545 S.W.2d 60, 66 (1976).

The State presented testimony that appellant repeatedly had brandished a revolver and threatened the victim's life before the shooting. It further showed that after these threats appellant went to the victim's residence with a pistol conveniently within reach in his truck. As a felon, appellant knew it was unlawful for him to possess a firearm. It is reasonable to believe this fact would have enhanced his awareness or consciousness of having any firearm in his presence. These factors tend to dispel, or at least to diminish, appellant's contention that a pistol was left inadvertently in his truck because he had been shooting it with his wife earlier in the day. Since he knew it was illegal for him to possess the pistol, it is reasonable to infer that he normally would have had his wife take the pistol, especially since it was purchased by and titled in her name. Because we believe appellant's knowledgeable, illegal possession of a firearm is probative on the issue of whether his acts created circumstances manifesting extreme indifference to the value of human life and causing the victim's death, we find the testimony elicited from appellant was admissible under Rule 404 (b).

We also find that the testimony to which appellant objected is not so prejudicial that it should be excluded under Rule 403 of the Uniform Rules of Evidence. The trial judge carefully considered appellant's objection outside the hearing of the jury. Although he overruled appellant's objection, the judge offered to issue a limiting instruction if appellant so chose, and he proposed to limit any cross-examination on the subject. After the court ruled, the State framed its question to appellant in such a way that the burglary conviction was neither mentioned nor introduced by the State. On these facts, we are unable to say the probative value of appellant's testimony was outweighed by its prejudicial effect.

## POINT II
THE COURT ERRED IN GRANTING THE STATE'S MOTION IN LIMINE PRECLUDING THE INTRODUCTION OF EVIDENCE OF PRIOR SPECIFIC VIOLENT ACTS OF THE VICTIM FOR

THE PURPOSE OF ESTABLISHING WHO WAS
THE AGGRESSOR

At trial, appellant proffered the testimony of two
witnesses who would have testified that on separate occa-
sions the victim had inflicted injury upon them, and that the
victim was the aggressor in each instance. These incidents
occurred two and four years prior to the instant shooting.
The State moved to exclude any evidence of specific acts of
violence by the victim against persons other than the
appellant. The State did not object to evidence regarding the
victim's general reputation for violence. We find the court
correctly excluded this testimony.

The Supreme Court in *Sanders* v. *State*, 245 Ark. 321,
432 S.W.2d 467 (1968), stated the established rule of law that
a violent disposition toward others on the part of a victim of
homicide cannot be shown by specific acts of aggression and
misconduct. *See also, Jones* v. *State*, 1 Ark. App. 318, 615
S.W.2d 388 (1981). Here, appellant fully developed his
defense of justification by offering evidence concerning the
victim's representation for violence as well as his specific
threats toward appellant. The victim's violent acts directed
at the two persons whom the appellant chose to call as
witnesses concerned instances totally unrelated to appellant.
Additionally, the record reflects that appellant had no
knowledge of the specific episodes which took place between
the victim and the two proposed witnesses. Under these
circumstances, the trial court could properly decide that the
proffered testimony was not relevant on the issue of justifi-
cation. *Id.*

We note appellant's reliance on *Smith* v. *State*, 273 Ark.
47, 616 S.W.2d 14 (1981), in arguing the admissibilty of such
testimony, but we find *Smith* to be clearly distinguishable
on its facts. In *Smith,* the court held the trial court erred
when it excluded proffered evidence that one of the victims
had shot the defendant on two prior occasions and that both
victims had threatened to kill him. These instances clearly

involved the defendant — not others. Therefore, *Smith* does not control because it is not applicable to the facts before us.[1]

### POINT III
### THE COURT IN DENYING THE MOTION FOR NEW TRIAL BASED UPON IMPROPER CONTACT BY THE STATE WITH THE JURY FOREMAN.

This issue rasied by appellant is devoid of merit. Appellant complains of a conversation between the deputy prosecutor and a juror which took place two days before the trial of the instant case, and involved a criminal case unrelated to appellant's. During the course of the conversation, the prosecutor informed the juror that the defendant, who was acquitted in the earlier criminal case in question, would have been a youthful offender and could have served as little as one-sixth of any time given. In his argument, appellant speculates that this information imparted by the prosecutor to the juror could have affected the juror's decision two days later in appellant's case.

Appellant's case was never mentioned during the conversation in question nor in any future criminal trial — let alone appellant's. The trial court found these facts presented no prejudice to appellant's case, and we agree. These circumstances certainly do not require the application of the presumption of prejudice rule announced in *Remmer* v. *United States*, 347 U.S. 227 (1954), since the situation in *Remmer* involved an alleged improper communication with a sitting juror concerning a matter pending before the jury.

Affirmed.

---

[1]In accordance, see *Halfacre* v. *State*, 277 Ark. 168, 639 S.W.2d 734 (1982), which was decided after this Court's opinion was written.