William James BRITT *v.* STATE of Arkansas

CA CR 82-129                                    645 S.W.2d 699

Court of Appeals of Arkansas
Opinion delivered February 2, 1983

*Howell, Price & Trice, P.A.,* by: *Carey E. Basham,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. William James Britt was charged with the crime of battery in the first degree upon allegations that he did unlawfully and with the purpose of causing serious physical injury to William Hall shoot him in the back with a pistol. Appellant's defense was justification. Appellant was found guilty by the court sitting without a jury and was sentenced to serve five years in the Department of Correction. The sole argument for reversal is that the trial court erred in excluding testimony purporting to prove a violent character trait of the victim by a specific instance of prior violent conduct which was not shown to have been within the knowledge of the defendant. We do not agree.

According to the victim Hall, he and his wife were sitting in a truck stop discussing business with a prospective

customer when the appellant walked up and began to abuse them in loud tones. The two men went outside the cafe where Britt threatened to "whip him." Hall stated that Britt grabbed him and that he then threw Britt to the ground asking him to leave him alone because he did not want to fight. Britt grabbed him a second time and in the scuffle Britt was again thrown to the ground. Hall testified that he thought it was "all over" and walked away. After he had gone about twenty feet Britt shot him in the back, seriously wounding him.

Bill Bruton, the only eye-witness to the shooting, stated that he did not see any part of the scuffle between the men. He stated that as he came out of the cafe he saw Hall walking toward him. Britt, who was about twenty feet away, said "I will kill you," pulled up the gun and fired at Hall.

Britt testified that Hall was the aggressor and that he did not want to fight. He stated that he merely approached him about payment of a debt. He testified that they went outside to discuss that problem but Hall struck him, knocked him down and then stomped him. He fell near his own vehicle and was able to reach inside and get a pistol that he kept there. In a pre-trial statement to the police he stated that he had shot Hall as Hall was walking away, as testified to by both Hall and Bruton. At the trial, however, in his own defense he stated that he fired the shot while Hall was still "astraddle my legs and stomping me." He testified that Hall ran *after* the shot was fired.

Don Grice was called as a defense witness. When asked if the victim had ever threatened him with violence to his person Grice answered affirmatively. At that point the court sustained the objection of the prosecuting attorney, ruling that on the issue of self-defense, evidence of the character of the victim must be made by reputation or opinion and not by evidence of specific instances of conduct. A similar objection and ruling were made when the victim himself was asked if he had ever threatened a man named Bob Smith. We find these rulings to be correct. Testimony pertaining to a victim's traits of character is admissible for the purposes enumerated in Rule 404 (a) Arkansas Rules of Evidence. The

method for proving traits of character is set out in Rule 405 as follows:

> Methods of proving character. — (a) Reputation or Opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
>
> (b) Specific Instances of Conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

The method of proving character is specifically limited on direct examination to "testimony as to reputation or testimony in the form of an opinion." Under Rule 405 (b) testimony of specific acts can be used only if necessary to prove an "essential element of the defense."

In *McClellan* v. *State*, 264 Ark. 223, 570 S.W.2d 278 (1978) the court held that the character trait of a victim as an aggressor is *not an essential element* in the defense of self-defense. There the trial court excluded testimony of a defense witness as to a specific act of violence directed at the witness by the victim. The incident did not involve the defendant and there was no indication that he had knowledge of it. The Supreme Court, in holding that the ruling to exclude this testimony was correct, stated:

> In the case at bar the question, then, is whether Sitz's [the victim] character as an aggressive person was "an essential element" of McClellan's defense of self-defense. Obviously it was not. One might plead self-defense after having killed the most gentle soul who ever lived. *In such a situation the decedent's character as a possible aggressor is being used circumstantially, not as a direct substantive issue in the case.* The trial judge was therefore correct in disallowing the proffered

proof of a specific instance of aggression on the part of the decedent. (Emphasis supplied)

The defense of justification in the use of physical force under Ark. Stat. Ann. § 41-405 (Repl. 1977) requires both that the actor *reasonably believes* that unlawful physical force is about to be used upon him and that he *reasonably believes* that the degree of force used to repel it was necessary. The defense of justification in the use of deadly physical force under Ark. Stat. Ann. § 41-507 (Repl. 1977) is also conditioned on the *reasonable beliefs* of the actor. The fact of the victim's aggressive character is probative of whether the victim was aggressor at the time of the crime, but the fact of who aggressed is not an element of the defense of justification under either section. Who aggressed is only one factor or circumstance tending to shed light on the essential element of the defense, i.e., defendant's beliefs at the time of the crime. The fact of who aggressed does not prove defendant's beliefs directly.

A different rule has been applied where the specific acts of violence by the victim are known by the accused. In *Pope v. State*, 262 Ark. 476, 557 S.W.2d 887 (1977) the court reversed the trial court for excluding testimony tending to show that the accused was aware that his victim had killed three people and whipped several others severely. As the accused had interposed the defense of justification the Supreme Court ruled that his knowledge of those facts at the time of the crime was probative on the issue of what he reasonably believed.

In support of his position appellant relies upon the following language from *Smith v. State*, 273 Ark. 47, 616 S.W.2d 14 (1981):

Evidence of a victim's violent character, including evidence of specific violent acts, is admissible where a claim of justification is raised. Such evidence is relevant to the issue of who was the aggressor and whether or not the accused reasonably believed he was in danger of suffering unlawful deadly physical force.

Any apparent conflict between *Smith* and *McClellan* was clearly resolved by the court in its subsequent decision in *Halfacre* v. *State*, 277 Ark. 168, 639 S.W.2d 734 (1982). *Halfacre* specifically holds that the rules announced in *McClellan* are applicable to cases such as those presently before us for review. In those cases in which the specific acts were directed at the defendant or were within his knowledge before the crime, they are admissible as being probative of what he reasonably believed and therefore directly relevant to his plea of self-defense. Testimony of specific acts not shown to have been within the knowledge of the defendant are not directly probative of defendant's beliefs. It was not error for the trial court to restrict character trait evidence to reputation and opinions in the case now before us. It is noted that the trial court did properly admit reputation evidence tending to show the victim's trait for violence as probative of the issue of who was the aggressor.

We find no error.