Billy Wayne OWENS *v.* STATE of Arkansas

CR 94-437                                                          883 S.W.2d 471

Supreme Court of Arkansas
Opinion delivered September 26, 1994

*William R. Simpson, Jr.*, Public Defender, by: *Julia B. Jackson*, Deputy Public Defender.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of four counts of delivery of a controlled substance, and was sentenced as a habitual offender. He does not challenge the sufficiency of the evidence so we need not recite all of the facts. He argues that the trial court erred in admitting hearsay evidence and erred in the manner of proceeding in the sentencing phase of the bifurcated trial. There is no merit in either argument, and we affirm the convictions.

The facts surrounding the evidentiary ruling are as follows. Joe Murdock witnessed the drug sales that appellant made to an undercover police officer. However, before the trial Murdock told appellant's attorney that appellant did not sell drugs to the undercover officer. At trial, appellant called Murdock as a witness. On direct examination Murdock testified that appellant had indeed sold cocaine to the undercover officer. He admitted that his tes-

timony was inconsistent with his prior statement to appellant's attorney, but testified that he made the prior statement because he was afraid of appellant. On cross-examination, the prosecutor asked Murdock if he had been threatened by appellant or by anyone else on appellant's behalf. Appellant objected on the ground of hearsay. The trial court overruled the objection because the testimony was offered to show that the statement was made and not for the truth of the statement. Murdock then testified that appellant's girlfriend had threatened to "go on a shooting spree" if he testified to anything that resulted in appellant's conviction. Appellant assigns the ruling as error.

The ruling was correct. A statement is not hearsay when the statement is offered not for its truth but merely to show the fact of the assertion. *Hill* v. *State*, 314 Ark. 275, 862 S.W.2d 836 (1993); *see also* 4 Jack B. Weinstein & Margaret M. Berger, *Weinstein's Evidence* § 801(c) at 801-93 (1993). Here the statement was offered to show that Murdock had been threatened by appellant's girlfriend and not for the purpose of proving whether or not she would have in fact gone "on a shooting spree."

In his argument on this point appellant cites our case of *Morrison* v. *Lowe*, 267 Ark. 361, 590 S.W.2d 299 (1979). That case is materially different. In that case the Morrison family and the Lowe family had a strained relationship. The Morrisons made threats against the Lowes. The threatening statements were not made to witnesses who testified at trial, but rather were made to third parties who relayed the statements to the witnesses. Under these circumstances, we wrote:

> Such testimony, *although hearsay if offered to prove that the threats had in truth been made by the Morrisons*, would nevertheless be admissible, with a proper limiting instruction to the jury, to show that the plaintiffs had reason to be afraid of the defendants [Lowes]. . . .

*Id.* at 363, 590 S.W.2d at 301. (emphasis added). In the case at bar, the witness testified about the threat he heard, while the witnesses in *Morrison* sought to testify about threats which others told them had been made. As we wrote in *Morrison* regarding the hearsay rule, "It is still not permissible for a witness to relate information he obtained from someone else rather than by his own observation." *Id.* at 362, 590 S.W.2d at 301; *see also* David

F. Binder, *Hearsay Handbook* § 6.01 at 95-96 (3d ed. 1991).

In appellant's second point of appeal he contends that the trial court erred in submitting to the jury the "law applicable to parole, meritorious good time, or transfer." The assignment of error comes about in the following manner. Section 16-97-103 of the Arkansas Code Annotated of 1987 went into effect on January 1, 1994. Appellant's trial took place on January 11, 1994, before a pattern instruction on the statute was available. The statute provides, in pertinent part:

> Evidence relevant to sentencing by either the court or a jury may include, but is not limited to, . . .
>
> (1) The law applicable to parole, meritorious good time, or transfer[.]

*Id.* § 16-97-103(1) (Supp. 1993).

The State proposed a jury instruction on parole eligibility. Appellant objected to the instruction. The court alternatively proposed handing the jury copies of the statutes concerning parole, meritorious good time, and transfer. *See* Ark. Code Ann. §§ 16-93-606—607 and 12-29-201 (1987). Appellant objected to the procedure on the ground that the statutes would only confuse the jury. The trial court repeatedly asked appellant's counsel how he would prefer that the information about parole and good time be given the jury, and his response was that the jury should not be given "any information whatsoever about the parole eligibility dates or meritorious good time." The trial court allowed photocopies of the statutes to be admitted as exhibits for the State.

Appellant argues here, as at trial, that the copies of the statutes were confusing to the jury. It is not necessary for us to determine whether handing copies of statutes to a jury constitutes an instruction or admitting the statute into evidence. We will treat them as evidence, as does the appellant. The copies of the statutes were relevant under the provisions of section 16-97-606, as they apply to meritorious good time, parole, and transfer. Rule 403 of the Arkansas Rules of Evidence allows a trial court to exclude relevant evidence if its probative value is outweighed by the possibility of confusion of issues. This weighing is a matter left to the trial court's sound discretion and will

not be reversed absent a showing of manifest abuse. *Robinson* v. *State*, 314 Ark. 243, 861 S.W.2d 548 (1993).

██    The trial court did not abuse its sound discretion. The jury was instructed that appellant had two prior felony convictions and was classified under the statutes as a habitual offender. With that information, the jury simply had to read the appropriate provisions of these statutes to determine eligibility for parole, good time, or transfer. Significantly, the jury did not ask for additional instructions or otherwise indicate confusion.

██    Appellant additionally argues that some of the subsections of the statutes submitted to the jury did not apply to him, and it was error to submit those parts of the statutes. He did not make the court aware of such an objection at trial and did not ask to have parts of the statutes omitted. We do not address the argument. We have repeatedly written that to preserve an argument for appeal there must be an objection in the trial court that is sufficient to apprise the trial court of the particular error. *Gibson* v. *State*, 316 Ark. 705, 875 S.W.2d 58 (1994).

Affirmed.