William SIMPKINS *v.* STATE of Arkansas

CA CR 94-139                                    889 S.W.2d 37

Court of Appeals of Arkansas
Division I
Opinion delivered December 7, 1994

*William R. Simpson, Jr.*, Public Defender, by: *Sandra S. Cordi*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a jury trial of manslaughter for the stabbing death of Harold "Bimbo" Bush. He was sentenced to ten years in the Arkansas Department of Correction. On appeal, he argues that the trial court erred in prohibiting a witness for the defense from testifying about a specific instance of the victim's prior violent conduct and that the trial court erred in allowing a statement made by the victim to be introduced into evidence as a dying declaration. We find merit in the appellant's first argument and, therefore, reverse and remand.

A brief recitation of the testimony is necessary for an understanding of the appellant's arguments on appeal. At trial, Rodney White, the victim's brother, testified that on February 25, 1993, he and the victim were in a friend's backyard when they observed the appellant and another man, Gerald Sears, walking through an alley. He testified that the victim subsequently walked down the alley to talk to the appellant. Mr. White then started down the alley when he heard arguing and observed the victim walking slowly back toward him. He testified that the victim was

doubled over and stating that he could not breathe. The victim then collapsed, holding his chest. Mr. White stated that at this point the victim was "just about gone" and told Mr. White that the appellant stabbed him. He further testified that he did not witness the fight but that he did see the appellant walking away from the alley. Anthony Brown testified that he observed an altercation between a man and the victim. He stated that he observed a man sitting astride the victim, yelling, "why did you hit me with a stick" and hitting the victim with his fists. He stated that the man then appeared to take something into his hand and strike the victim in the chest several times while stating, "no one hits me with a stick and gets away with it." He then observed the man stand up, kick the victim, and walk away. Mr. Brown stated that the victim got up, staggered down the alley and collapsed. Officer Charles Simon testified that the appellant took him to an alley where he had discarded a knife which the appellant admitted was the weapon used to stab the victim. The autopsy of the victim revealed a fatal chest wound which penetrated the heart. The victim also suffered another stab wound to the lower front part of the neck and three superficial cuts to the left hand.

After the State rested, the appellant called James Foxx to testify regarding a statement made to him by the victim. The trial court sustained a hearsay objection by the State. The appellant contended the testimony was relevant to his theory of self-defense and was allowed to proffer the testimony of Mr. Foxx. Mr. Foxx testified that on the Tuesday before the victim's death on Thursday, he came into contact with the victim who informed him that he and the appellant had an argument over some whiskey they were drinking. Mr. Foxx testified that the victim informed him that he was going to buy the appellant a drink on Sunday and "when he get ready to turn it up to his throat, he was going to slash his throat. And, if he took off running every time he fall and try to get up that he was going to shoot him." Mr. Foxx testified that he informed the appellant of this conversation and advised him to "watch your back." Another witness, Gerald Sears, testified for the appellant and stated that the victim hit the appellant with a 2x4 board before the appellant pulled the knife in the fight.

The appellant contends that the proffered testimony of Mr. Foxx was relevant to his theory of self-defense and was admissible under Arkansas Rule of Evidence 405(b). We first note that

the testimony of Mr. Foxx was not hearsay in that it was not offered for the truth of the matter asserted. Ark. R. Evid. 801(c); *see also Owens* v. *State*, 318 Ark. 61, 883 S.W.2d 471 (1994).

██ Specific instances of conduct are only admissible under Rule 405(b) when the character or a trait of character of a person is an essential element of a charge, claim, or defense. Evidence of a victim's violent character is relevant to the issue of who was the aggressor and whether or not the accused reasonably believed he was in danger of suffering unlawful deadly physical force. *Thompson* v. *State*, 306 Ark. 193, 813 S.W.2d 249 (1991). Evidence of specific acts of violence that were directed at an accused or were within his knowledge is admissible as being probative of what the accused reasonably believed at the time and thus relevant to his plea of self-defense. *Bargery* v. *State*, 37 Ark. App. 118, 825 S.W.2d 831 (1992); *Britt* v. *State*, 7 Ark. App. 156, 645 S.W.2d 699 (1983). Communicated threats and declarations of hostile purpose made at a point close in time to the killing may be admissible as part of the res gestae in self-defense cases. *Jones* v. *State*, 1 Ark. App. 318, 615 S.W.2d 388 (1981). Thus, as an essential element of his defense, the appellant had the right to introduce specific instances of the victim's violent character that were directed at him or within his knowledge. *Johninson* v. *State*, 317 Ark. 431, 878 S.W.2d 727 (1994); *Thompson* v. *State, supra.*

██ Here, the appellant was not allowed to fully develop his theory of self-defense through Mr. Foxx's testimony to show whether or not he reasonably believed he was in danger of suffering unlawful deadly physical force. We find Mr. Foxx's testimony relevant to the appellant's theory of self-defense as being probative of what the appellant reasonably believed at the time of the altercation, and conclude that the trial court erred in excluding this testimony. *See Smith* v. *State*, 273 Ark. 47, 616 S.W.2d 47 (1981); *Pope* v. *State*, 262 Ark. 476, 557 S.W.2d 887 (1977).

We address the appellant's second argument because the issue is likely to arise on retrial. The appellant argues that the trial court erred in admitting into evidence, as a dying declaration, Rodney White's testimony that the victim told him that he had been stabbed by the appellant. We do not agree.

██ In order to qualify as a dying declaration, the state-

ment must be made by the declarant while believing that his death is imminent and must concern the cause or circumstances of his impending death. Ark. R. Evid. 804(b)(2). The trial court makes the preliminary determination of whether the evidence is admissible and on review, we will reverse that determination only if there is an abuse of discretion. *Bargery* v. *State, supra.* The fact that the victim was possessed of a sense of imminent and inevitable death need not be shown by the deceased's express words, but may be supplied by inferences drawn from his condition, imminent danger, and other circumstances that indicate an impending death. *Id.*

The evidence here shows that the deceased collapsed almost immediately after suffering a stab wound that severely damaged his heart. His statement that the appellant had stabbed him clearly referred to the cause and circumstances of his death. Considering the obvious severity of the wound, coupled with the victim's almost immediate collapse and his inability to breathe, we cannot conclude that the trial court abused its discretion in admitting the testimony.

Reversed and remanded.

PITTMAN and ROBBINS, JJ., agree.