The Honorable Tom Wynne, Prosecuting Attorney Thirteenth Judicial District P.O. Box 748 Fordyce, Arkansas 71742
Dear Mr. Wynne:
My office recently issued Opinion No. 95-200, in which I opined that it would be improper to advise a jury that a defendant could be eligible for boot camp (pursuant to Act 492 of 1989) if sentenced to a term of ten years or less. In support of my conclusion, I cited a body of cases in which the courts have held it improper to comment to juries about parole eligibility.
In response to that opinion, Deputy Prosecutor David Butler contacted my office and inquired as to the possible applicability of the opinion to comments to the jury regarding parole, and the possible impact of A.C.A. § 16-97-103. That statute provides that in sentencing, the jury may consider (among other items) "the law applicable to parole, meritorious good time, or transfer."
I find Mr. Butler's question to be pertinent. I appreciate his bringing this statute to the attention of my office; we had simply failed to identify it as having superseded the cases cited in Opinion No. 95-200, and as therefore having a resulting impact upon our conclusions regarding comments to juries about boot camp.
Nevertheless, I am compelled to point out that it is possible that A.C.A. § 16-97-103 could become problematic, in that it could be subjected to a constitutional challenge. Of course, the statute is entitled to a presumption of constitutionality, and it is not certain that such a challenge would be successful. In fact, our research has identified two cases in which the Arkansas Supreme Court has considered the statute in the context of a constitutional challenge, see Diffee v.State, 319 Ark. 669, ___ S.W.2d ___ (1995); Williams v. State,318 Ark. 846, 887 S.W.2d 530 (1994),[1] and in both cases, the court has upheld the constitutionality of the statute. The constitutional challenges to A.C.A. § 16-97-103 in those cases were both based upon the argument that the statute, by allowing the jury to consider past crimes in determining a sentence, violates the constitutional prohibition against ex post facto laws. The court has rejected that argument.
Although the court's upholding of the statute in those cases could indicate that the court has no constitutional misgivings about the statute, the court has not been presented with a constitutional issue that could prove to be more a serious threat to the act; namely, the separation of powers doctrine.
A concern about this very issue was the basis for the Arkansas Supreme Court's long-standing policy prohibiting comments to the jury about parole. See, e.g., Andrews v. State, 251 Ark. 279, 472 S.W.2d 86 (1971). Although court decisions may be superseded by statute, constitutional principles may not. Clark v. Bd. of Educ., 374 F.2d 569 (8th Cir. 1967);Gravett v. Villines, 314 Ark. 220, 862 S.W.2d 260 (1993); Kitchens v.City of Paragould, 191 Ark. 940, 88 S.W.2d 843 (1936). Even though in addressing this matter, the Arkansas Supreme Court has not actually used the words "separation of powers," its language in setting forth its holdings has been couched in terms of separation of powers concerns, and has presented all of the elements of the separation of powers doctrine. If the court has long held a constitutional concern about this matter, that concern should not be altered by the legislature's passing of a statute that is contrary to the court's long-held position.
In light of the foregoing, in my opinion, a court might, in light of this existing precedent, hold A.C.A. § 16-97-103 to be unconstitutional on separation of powers grounds. Certainly it is not a foregone conclusion that a court would so hold; nevertheless, I find it advisable for prosecutors to bear in mind these possible constitutional problems with the statute, and to give them due consideration in formulating comments to be presented to juries.
The foregoing discussion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] The Court has also referenced the statute in cases that did not involve constitutional challenges. SeeWilliams v. State, 320 Ark. 67, ___ S.W.2d ___ (1995); Owens v. State, 318 Ark. 61, 883 S.W.2d 471 (1994);Hill v. State, 318 Ark. 408, 887 S.W.2d 275 (1994).