FOX, Justice.
[11] Kerry Garnett, Appellant, filed doe uments entitled Motion to Vacate Judgment and Sentence and/or Motion to Correct Illegal Sentence, Motion for Order to Show Cause, and Motion for Hearing challenging his transfer from a Wyoming penitentiary to a Virginia facility to serve his term of incarceration. The district court denied Mr. Gar-nett's motions, and we affirm.
ISSUE
[12] Mr. Garnett, who appears pro se, did not specifically state what he believes to be the issue in this appeal. Nevertheless, the following question can be distilled from his argument: Did the district court abuse its discretion by denying Mr. Garnett's motions concerning his transfer to an out-of-state prison?
FACTS
[13] The underlying facts of Mr. Gar-nett's conviction are not material to this appeal and have been previously set out in detail in Garnett v. State, 769 P.2d 371, 372 (Wyo.1989). We will not repeat them here.
[T4] After Mr. Garnett pled guilty to first-degree felony murder and aggravated burglary, he was sentenced to life in prison on the murder charge plus twenty to twenty-five years for the burglary count. Mr. Gar-nett did not appeal his conviction, although through the years he has filed unsuccessful motions and petitions concerning his conviection and sentence. Id. In the latest salvo, Mr. Garnett filed a collection of motions asserting that his sentence is illegal because the Wyoming Department of Corrections (DOC) transferred him to a facility in Virginia to serve out his sentence in 2013. He argued that because of the alleged illegality of the transfer, the warden at the Wyoming *751 State Penitentiary must be ordered to show cause why Mr. Garnett should no longer be incarcerated here.
[15] The district court denied Mr. Gar-nett's motions, succinetly stating that they "are without merit and beyond the jurisdiction of this Court." This appeal was timely perfected.
STANDARD OF REVIEW
[T6] "A motion to correct an illegal sentence under W.R.Cr.P. 85(a) is addressed to the sound discretion of the sentencing court." Mead v. State, 2 P.3d 564, 566 (Wyo0.2000). We, therefore, apply our abuse-of-digcretion standard in reviewing a denial of a motion to correct an illegal sentence. Cardenas v. State, 925 P.2d 239, 240 (Wyo.1996). The abuse-of-discretion standard of review reaches the question of the reasonableness of the trial court's choice. Griswold v. State, 2001 WY 14, ¶ 7, 17 P.3d 728, 731 (Wyo.2001). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the cireumstances and without doing so arbitrarily and capriciously. Id.
Martinez v. State, 2002 WY 10, ¶ 7, 39 P.3d 394, 396 (Wyo.2002).
DISCUSSION
[T7] A district "court may correct an illegal sentence at any time." W.R.Cz.P. 85(a). "[Aln illegal sentence is one that exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." Gould v. State, 2006 WY 157, ¶ 25, 151 P.3d 261, 268 (Wyo.2006) (internal quotation marks omitted). The Court's "inquiry under Rule 85 focuses on the sentence itself, not upon the State's actions in executing the sentence." Id. Mr. Garnett challenges the way in which the State has executed his sentences, not their legality, and thus his transfer to Virginia does not constitute an illegal sentence. The district court did not abuse its discretion when it denied his motion to correct illegal sentence.[1]
CONCLUSION
[18] The district court's order is affirmed.
FOX, J., delivers the opinion of the Court; DAVIS, J., files a specially concurring opinion, in which HILL, J., joins.

. Mr. Garnett's Motion for Order to Show Cause is not a post-conviction motion authorized by statute or rule and was properly dismissed by the district court.