# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 15

OCTOBER TERM, A.D. 2014

February 2, 2015

JOHN LESLIE CHAPMAN,

Appellant
(Defendant),

v.

S-14-0179

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sweetwater County*
*The Honorable Nena James, Judge*

*Representing Appellant:*
    John Leslie Chapman, *pro se.*

*Representing Appellee:*
    Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Justice.**

[¶1]    John Chapman[1] entered a guilty plea to attempted second-degree murder and was sentenced to not less than twenty-five years nor more than fifty years incarceration, in accordance with the statutory sentencing range for the crime.  The district court denied his motion to withdraw his plea, he appealed, and the denial was affirmed.  *Chapman v. State*, 2013 WY 57, ¶¶ 3-4, 6, 300 P.3d 864, 866-67 (Wyo. 2013) (*Chapman 1*).  Mr. Chapman then filed a motion to reduce his sentence under Wyoming Rule of Criminal Procedure 35(b), which the district court denied.  Mr. Chapman appeals and we affirm.

### ISSUES

[¶2]    1.   Did the district court abuse its discretion when it denied Mr. Chapman's motion for sentence reduction?

2.   Is Mr. Chapman's sentence cruel and unusual under the Eighth Amendment to the United States Constitution?

### FACTS

[¶3]    The underlying facts of Mr. Chapman's attempted second-degree murder conviction are unnecessary for the disposition of this appeal, but can be found in *Chapman 1*, 2013 WY 57, ¶¶ 6-7, 300 P.3d at 866-67.

[¶4]    The State originally charged Mr. Chapman with attempted first-degree murder, conspiracy to commit first-degree murder, and aggravated assault and battery; it also sought a sentencing enhancement under the habitual criminal statute.  *Id*. at ¶ 6, 300 P.3d at 866.  Pursuant to a plea agreement, the State amended the Information to one count of attempted second-degree murder, and dismissed the remaining charges and the habitual criminal enhancement.  *Id*. at ¶ 18, 300 P.3d at 868.  The State and Mr. Chapman agreed to a sentencing recommendation of twenty-five to fifty years on the reduced charge, within the statutory range for attempted second-degree murder.[2]  *Id*.  The district court accepted Mr. Chapman's guilty plea and sentenced him to not less than twenty-five and no more than fifty years incarceration.  *Id*. at ¶¶ 24, 27, 300 P.3d at 869.

[¶5]    Mr. Chapman filed a motion to withdraw his guilty plea, which was denied.  *Id*. at ¶ 50, 300 P.3d at 874.  He appealed the order denying his motion, and this Court affirmed the district court's decision.  *Id*. at ¶ 77, 300 P.3d at 879.  Mr. Chapman then filed a

---

[1] Mr. Chapman refers to himself as "Jon" in his appellate brief, however the Wyoming Department of Corrections lists his name as "John Leslie Chapman."

[2] Second-degree murder requires a sentence of incarceration for no less than twenty years.  Wyo. Stat. Ann. § 6-2-104 (LexisNexis 2013).  For attempt crimes, "[t]he penalty . . . is the same as the penalty for the most serious crime which is attempted[.]"  Wyo. Stat. Ann. § 6-1-304 (LexisNexis 2013).

petition for post-conviction relief alleging his constitutional rights were violated in a multitude of ways.[3] The district court denied this petition, and Mr. Chapman unsuccessfully petitioned this Court for a writ of certiorari.

[¶6] Several months later, Mr. Chapman filed his W.R.Cr.P. 35(b) motion for sentence reduction,[4] requesting that the district court consider his age, deteriorating health, the length of time he has already served, his good behavior, the length of sentences for comparable crimes, and his family situation. He requested his sentence be reduced to fifteen to twenty-five years. The district court denied the motion, and Mr. Chapman timely appealed.

### STANDARD OF REVIEW

[¶7] "'The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion.'" *LeGarda-Cornelio v. State*, 2009 WY 136, ¶ 6, 218 P.3d 968, 969 (Wyo. 2009) (quoting *McFarlane v. State*, 781 P.2d 931, 932 (Wyo. 1989)). "The sentencing judge is in the best position to decide if a sentence modification is appropriate, and is free to accept or reject information submitted in support of a sentence reduction at its discretion." *Boucher v. State*, 2012 WY 145, ¶ 10, 288 P.3d 427, 430 (Wyo. 2012) (internal citations omitted). Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. *See Hodgins v. State*, 1 P.3d 1259, 1261 (Wyo. 2000). Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, "[t]his Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument." *Croy v. State*, 2014 WY 111, ¶ 7, 334 P.3d 564, 567 (Wyo. 2014).

[¶8] Mr. Chapman's motion calls into question the constitutionality of his sentence, and we address such questions of law under our *de novo* standard of review. *Allaback v. State*, 2014 WY 27, ¶ 10, 318 P.3d 827, 830 (Wyo. 2014).

---

[3] Mr. Chapman's petition did not raise the issue of whether his sentence is cruel and unusual under the Eighth Amendment of the United States Constitution.

[4] A Rule 35(b) motion is timely if it is made "within one year after the sentence is imposed . . . or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation." *See Hitz v. State*, 2014 WY 58, ¶ 11, 323 P.3d 1104, 1106 (Wyo. 2014) (timely filing is a jurisdictional requirement for a district court to hear a sentence reduction motion).

## DISCUSSION

[¶9] Mr. Chapman makes a number of contentions in his *pro se* appeal, most of which allege the impropriety of his plea agreement. We previously addressed these arguments in *Chapman 1*, and we will not revisit the same issues clothed in a different appeal. *See Hamill v. State*, 948 P.2d 1356, 1358 (Wyo. 1997); *McCarty v. State*, 929 P.2d 524, 525 (Wyo. 1996) ("This court has repeatedly held that issues which were raised and considered in a prior criminal appeal are *res judicata*, and cannot be relitigated by a defendant in a subsequent collateral attack."); *see also Mack v. State*, 7 P.3d 899, 900 (Wyo. 2000) ("A motion for a sentence reduction cannot be used to attack the validity of a conviction[.]"). The issue in front of us is whether the district court abused its discretion in denying Mr. Chapman's W.R.Cr.P. 35(b) motion to reduce his sentence.

[¶10] Wyoming Rule of Criminal Procedure 35(b) provides:

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. . . . The court may determine the motion with or without hearing.

[¶11] The purpose of Rule 35(b) is to give a convicted defendant a second opportunity to reduce his sentence by presenting additional information and argument to the sentencing judge. *Boucher*, 2012 WY 145, ¶ 10, 288 P.3d at 430. The sentencing court is "free to accept or reject such information at its discretion." *Hodgins*, 1 P.3d at 1262.

[¶12] Mr. Chapman contends that he has shown "good cause" for a sentence reduction and that the district court failed to articulate "good cause" in denying his motion. The district court's order denying the motion provided no basis for the denial, but does expressly note that Mr. Chapman's "requests and the reasons stated therefor" were considered. There is no authority in Wyoming requiring a sentencing court to demonstrate good cause in denying a Rule 35(b) motion. *Hodgins*, 1 P.3d at 1262. "The fact that the order does not describe the specific information . . . provided in support of [the] motion does not establish an abuse of discretion." *Boucher*, 2012 WY 145, ¶ 12, 288 P.3d at 430.

[¶13] Mr. Chapman "feels that his sentence was a little harsh considering his age [48], and the amount of time other inmates have received with the same type of charges[.]" He claims his earliest parole eligibility date (approximately 66 years of age) and completion of his maximum sentence (approximately 91 years of age), compounded by his "serious medical issues," amount to a life sentence.[5] He claims "no one serving time for attempt of second degree murder charge is doing more than 20 to 30." Mr. Chapman contends that his sentence is disproportionate to the crime and his circumstances, and he argues:

> The [sentence] should be guided by objective criteria, including the gravity of the offense and the harshness of the penalty. The sentences imposed on other criminals (Co-Defendant) in the same jurisdiction and the sentences imposed for commission of the same crime (Co-Defendant) in other jurisdictions.

Mr. Chapman's argument mirrors the language of the United States Supreme Court in *Solem v. Helm*, 463 U.S. 277, 290-91, 103 S. Ct. 3001, 3010, 77 L. Ed. 2d 637 (1983). In *Solem*, the Court established a three-element test for determining whether a sentence is proportional under the Eight Amendment.[6]

> When sentences are reviewed under the Eighth Amendment, courts should be guided by objective factors that our cases have recognized. First we look to the gravity of the offense and the harshness of the penalty. . . .
>
> Second, it may be helpful to compare the sentences imposed on other criminals in the same jurisdiction. . . .
>
> Third, courts may find it useful to compare sentences imposed for commission of the same crime in other jurisdictions.

*Solem*, 463 U.S. at 290-91, 103 S. Ct. at 3010.

---

[5] Mr. Chapman's minimum sentence is twenty-five years and maximum is fifty years. "An inmate is eligible for parole when he has served the minimum sentence less good time and special good time allowances[.]" *Cothren v. State*, 2013 WY 125, ¶ 31, 310 P.3d 908, 916 (Wyo. 2013); *see also* Wyo. Dep't of Corrections Policy & Procedure, *Inmate Good Time*, 1.500 (effective July 15, 2014).

[6] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment applies to the states by application of the due process clause of the Fourteenth Amendment to the United States. *Norgaard v. State*, 2014 WY 157, ¶ 8, 339 P.3d 267, 270 (Wyo. 2014) (citing *Robinson v. California*, 370 U.S. 660, 675, 82 S. Ct. 1417, [1425], 8 L.Ed. 2d 758 (1962)).

[¶14] Considering Mr. Chapman's *pro se* status, we will construe the substance of his Rule 35(b) motion to include the constitutional issue of cruel and unusual punishment. *See Hawes v. State*, 2014 WY 127, ¶ 8 n.2, 335 P.3d 1073, 1076 n.2 (Wyo. 2014); *Garnett v. State*, 2014 WY 80, ¶ 2, 327 P.3d 749, 750 (Wyo. 2014) (*pro se* appellant did not specifically state issue in his brief, however, this Court distilled the issue from the substance of his argument); *Ragsdale v. Hartford Underwriters Ins. Co.*, 2007 WY 163, ¶ 4, 169 P.3d 78, 80 (Wyo. 2007) ("[T]his Court looks to the substance of a motion in order to determine the appropriateness of the motion."); *see also Osborn v. Emporium Videos*, 848 P.2d 237, 240 (Wyo. 1993) ("The litigant acting pro se is entitled to 'a certain leniency' from the more stringent standards accorded formal pleadings drafted by lawyers[.]").

[¶15] "Wyoming follows the United States Supreme Court's *Solem* test to determine whether a sentence is proportional." *Norgaard*, 2014 WY 157, ¶ 11, 359 P.3d at 271 (citing *Oakley v. State*, 715 P.2d 1374, 1376-77 (Wyo. 1986)). However, in *Oakley* we also held that a sentencing proportionality analysis is only necessary when the sentence is grossly disproportionate to the crime. We explained:

> We will not engage in a lengthy analysis under all three of the *Solem* criteria, including a consideration of the sentences imposed on similarly situated defendants in this and other jurisdictions, except in cases where the mode of punishment is unusual or where the relative length of sentence to imprisonment is extreme when compared to the gravity of the offense (the first of the *Solem* criteria).

*Oakley*, 715 P.2d at 1379 (challenging proportionality of ten- to twenty-year sentence for aggravated robbery under habitual criminal statute).

[¶16] The record is clear that the district court was aware of Mr. Chapman's age at his original sentencing and when it denied his Rule 35(b) motion. Mr. Chapman did not explain why this factor should reduce his sentence, and we will not second guess the district court in the absence of any support by Mr. Chapman. Mr. Chapman also provided no support for his contention of poor health beyond the mere statement that he has "serious medical issues." His argument that no one convicted of attempted second-degree murder is doing more than twenty to thirty years appears to be a gross generalization based on Mr. Chapman's own informal and unsubstantiated census, and we will not consider such claims without reliable support. Finally, he provides no evidence that the actions to which he pled—shooting a man in the face with a rifle—are incommensurate with his current sentence. *Chapman 1*, 2013 WY 57, ¶ 23, 300 P.3d at 869. Mr. Chapman was sentenced within the statutory range for attempted second-degree murder; he offers us no basis for concluding that his sentence is unusual or extreme in any regard, and therefore we are not required to consider the full *Solem* proportionality

analysis in relation to his sentence. *Oakley*, 715 P.2d at 1379. Accordingly, we conclude that Mr. Chapman's sentence is proportional to his crime and not cruel and unusual under the Eighth Amendment.

[¶17] In *Oakley*, we also pointed out that determining sentencing guidelines for criminal acts is strictly a function of the legislative branch, not the judiciary. *Id*. at 1378 (citing *Osborn v. State*, 672 P.2d 777, 797 (Wyo. 1983)); *Williams v. State*, 692 P.2d 233, 235 (Wyo. 1984). The judiciary has broad discretion to impose sentences within those parameters established by the legislature, but it may not assess punishment below a statutorily mandated minimum term. *Oakley*, 715 P.2d at 1379; *see also Moronese v. State*, 2012 WY 34, ¶ 11, 271 P.3d 1011, 1015 (Wyo. 2012) (in the context of a W.R.Cr.P. 35(a) motion to correct an illegal sentence, the court must prescribe a sentence within the limits of the minimum and maximum statutory limits). In his original Rule 35(b) motion, Mr. Chapman requested his sentence be reduced to a minimum of fifteen years and maximum of twenty-five years, and now on appeal he requests that it be reduced to not less than five years and no more than ten years. Even if we found an abuse of discretion by the district court, the minimum sentence for attempted second-degree murder under the statute is twenty years, and neither the district court nor this Court could impose Chapman's requested sentence.

[¶18] Mr. Chapman also argued that he has already served seven years and "has shown extreme amounts of progress and accomplishments[.]" He claims his worker evaluations demonstrate positive steps towards rehabilitation, but Mr. Chapman did not provide those evaluations with his motion. Claims of good behavior "alone do not require the district court to grant the appellant's [sentence reduction] motion." *Sanchez v. State*, 2013 WY 159, ¶ 13, 314 P.3d 1177, 1180 (Wyo. 2013) (citing *Hodgins*, 1 P.3d at 1261-62). Even if Mr. Chapman had provided a basis for his claim of good behavior, "it would be unwise to usurp what is properly a function of the district courts by finding an abuse of discretion in denying a sentence reduction motion simply because it was supported by evidence of a defendant's commendable conduct while incarcerated." *Conkle v. State*, 2013 WY 1, ¶ 14, 291 P.3d 313, 315 (Wyo. 2013). Mr. Chapman provided no support for his claims of good behavior, and it was not an abuse of discretion for the district court to disregard such unsupported claims.

[¶19] Finally, Mr. Chapman presented the fact that he has five sons, six daughters, and five grandchildren and he would like to "be there for them." While family background is a factor the sentencing court may consider under its broad sentencing discretion, the fact that the district court was not moved to reduce his sentence based on this simple statement does not establish an abuse of discretion. *See Wright v. State*, 670 P.2d 1090, 1093 (Wyo. 1983) (sentencing court may consider family background within its broad sentencing discretion); *see also* W.R.Cr.P. 32 (does not require family background to be considered in presentence investigation or sentencing).

6

[¶20]   We acknowledge that Mr. Chapman is a *pro se* appellant, and as such we have provided some leniency.  *See supra* ¶ 14.  However, even *pro se* litigants must present support for their arguments in order to succeed in their appeals.  Mr. Chapman has not overcome the substantial burden of proving an abuse of discretion by the district court in its denial of his Rule 35(b) motion.

## *CONCLUSION*

[¶21]   The district court's order is affirmed.