# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 28

OCTOBER TERM, A.D. 2015

*March 2, 2016*

CLARISSA DAWN HART,

**Appellant**
**(Defendant),**

**v.**                                                S-15-0176

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Sweetwater County*
*The Honorable Nena James, Judge*

*Representing Appellant:*

> Office of the State Public Defender:  Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel

*Representing Appellee:*

> Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne Martens, Senior Assistant Attorney General; Darrell D. Jackson, Faculty Director, Bradford H. Coates, Student Director, and Macrina M. Sharpe, Student Intern, of the Prosecution Assistance Program.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    Appellant Clarissa Hart challenges a district court order denying her motion for sentence reduction.  We affirm.

## ISSUE

[¶2]    Did the district court abuse its discretion by denying Appellant's motion for sentence reduction?

## FACTS

[¶3]    The underlying facts of the offense are not particularly material to the issue before us.  Suffice it to say that Appellant pled guilty to felony shoplifting.  Her plea was held in abeyance and she received a deferral pursuant to Wyo. Stat. Ann. § 7-13-301.  She was placed on supervised probation for four years.  If she had successfully completed this period of probation, she would have been discharged without a felony conviction.

[¶4]    However, three years later the State filed a petition to revoke Appellant's probation.  It alleged that she violated the conditions of that probation on two separate occasions.  She was convicted in Utah of driving under the influence of drugs and of being in possession of synthetic narcotics.  She also possessed or used alcohol and marijuana while back in Wyoming.  Based upon the petition, a bench warrant was issued, and Appellant was arrested.

[¶5]    At the probation revocation hearing, Appellant appeared *pro se* and admitted to the allegations of the petition.  The district court entered the guilty plea that was held in abeyance under § 7-13-301.  Appellant was sentenced to not less than four nor more than six years in the Wyoming Women's Center.[1]

[¶6]    Appellant subsequently filed a motion for sentence reduction pursuant to W.R.Cr.P. 35(b).  In support of it, she asserted that she completed substance abuse treatment, earned her G.E.D., and participated in numerous other rehabilitation programs.  The district court denied the motion without a hearing, and Appellant timely perfected this appeal.

---

[1] Appellant did not appeal the judgment and sentence.  However, she subsequently filed a petition with this Court asking for restoration of her direct appeal right, claiming she was denied her right to be represented by counsel. We denied the petition. *See Hart v. State,* S-15-0212 (Wyo. Sep. 15, 2015).

1

**STANDARD OF REVIEW**

[¶7]    Our standard or review regarding the denial of a motion for sentence reduction is as follows:

> The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. The sentencing judge is in the best position to decide if a sentence modification is appropriate, and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Chapman v. State*, 2015 WY 15, ¶ 7, 342 P.3d 388, 391 (Wyo. 2015) (citations and quotation marks omitted).

**DISCUSSION**

[¶8]    Wyoming's rule governing motions for sentence reduction states in pertinent part:

> A motion to reduce a sentence may be made . . . within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court . . . having the effect of upholding, a judgment of conviction. . . . The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

W.R.Cr.P. 35(b).

[¶9] This Court has explained that "[t]he purpose of Rule 35 is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant." *Boucher v. State*, 2012 WY 145, ¶ 10, 288 P.3d 427, 430 (Wyo. 2012) (internal quotation marks omitted); *see Chapman*, ¶ 11, 342 P.3d at 392. The trial judge who sentenced the defendant is in the best position to decide if a sentence reduction is appropriate, and can accept or reject information submitted in support of a sentence reduction at its discretion. *Boucher*, ¶ 10, 288 P.3d at 430.

[¶10] Appellant's argument that the district court erred in denying her motion for sentence reduction is essentially twofold. First, she says that her good behavior and rehabilitative progress while incarcerated warrants a reduction. We commend Appellant for her drive and diligence, but her productive behavior alone does not require the district court to grant her a sentence reduction. *Chapman*, ¶ 18, 342 P.3d at 394; *Sanchez v. State*, 2013 WY 159, ¶ 13, 314 P.3d 1177, 1180 (Wyo. 2013). "We have long held the view that it would be unwise to usurp what is properly a function of the district courts by finding an abuse of discretion in denying a sentence reduction motion simply because it was supported by evidence of a defendant's commendable conduct while incarcerated." *Conkle v. State*, 2013 WY 1, ¶ 14, 291 P.3d 313, 315 (Wyo. 2013); *see Boucher*, ¶ 11, 288 P.3d at 430.

[¶11] For her second argument, Appellant contends the district court wrongly denied her motion by not considering the information she presented and failing to explain its reasons for denying it. We disagree. The district court's order denied the motion without detailing the judge's decision process, but it did indicate that the court had considered the motion and the reasons urged in support of it, and that it was fully advised concerning it. The fact that the order does not describe the specific information Appellant provided in support of her request for a reduction does not establish an abuse of discretion. *Boucher*, ¶ 12, 288 P.3d at 430. Furthermore, this Court has elucidated that "[t]here is no authority in Wyoming requiring a sentencing court to demonstrate good cause in denying a Rule 35(b) motion." *Chapman*, ¶ 12, 342 P.3d at 392.

[¶12] Affirmed.