2017 WY 105

**Richard Hallie ALFORD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**S-17-0039**

Supreme Court of Wyoming.

September 13, 2017

Representing Appellant: Office of the State Public Defender: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; and Kirk A. Morgan, Senior Assistant Appellate Counsel.

Representing Appellee: Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; and Caitlin F. Young, Assistant Attorney General.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

HILL, Justice.

[¶1] Richard Alford appeals a district court order denying his motion for a sentence reduction. We affirm.

## ISSUE

[¶2] Mr. Alford presents a single issue on appeal:

I. The trial court abused its discretion when it denied Mr. Alford's Motion for Sentence Reduction.

## FACTS

[¶3] In the early morning hours of October 18, 2014, Mr. Alford broke into the home of Robin Monasmith and entered her bedroom. Ms. Monasmith woke to find Mr. Alford pulling the covers off her and telling her to be quiet. Ms. Monasmith jumped out of bed and made for the door, but Mr. Alford grabbed her by her hair and threw her to the floor. He then tried to pull her pajama pants down. Ms. Monasmith screamed and kicked at Mr. Alford and he then pulled up her shirt and bit her on her right side. Ms. Monasmith felt like she had been stabbed and cried out. Mr. Alford then got off her and left the house, stating, "I will be back for you, bitch." Ms. Monasmith called law enforcement, and Mr. Alford was arrested a block from her home. Ms. Monasmith identified Mr. Alford as her attacker.

[¶4] The State charged Mr. Alford with one count of attempted third degree sexual assault and two counts of aggravated burglary. The State and Mr. Alford subsequently entered into a plea agreement by which Mr. Alford agreed to plead no contest to attempted third degree sexual assault and the State agreed to dismiss the aggravated burglary counts and recommend a prison sentence of six to ten years. On April 23, 2015, Mr. Alford entered his no contest plea, and the district court accepted that plea. On June 25, 2015, the district court held a sentencing hearing and imposed the agreed upon prison sentence of six to ten years.

[¶5] On June 16, 2016, Mr. Alford filed a *pro se* motion for sentence reduction pursuant to W.R.Cr.P. 35(b). Through his motion, Mr. Alford informed the district court that his time in prison had been violation free and he had been continuously employed, and he asked the court to reduce the minimum term of his sentence to four years so he could enter treatment at the earliest possible opportunity. Mr. Alford did not specify the type of treatment he sought to enter.

[¶6] On January 9, 2017, the district court entered an order denying Mr. Alford's motion. The order stated:

**THIS MATTER** came before the Court upon the Defendant's Motion for Sentence Reduction, filed on June 16, 2016, the Court having reviewed the file, and being otherwise fully informed in the matter, finds as follows:

The Defendant pled guilty. Defendant's plea was the product of a plea agreement, the terms of the agreement were fully disclosed and accepted by the Court as required by Rule 11(e) of the Wyoming Rules of Criminal Procedure.

The Defendant was sentenced on June 25, 2015.

Sentence reductions are governed by W.R.Cr.P. 35, which provides that "[a] motion to reduce a sentence may be made ... within one year after the sentence is imposed ... "

**IT IS THEREFORE ORDERED,** for the reasons set forth above, that Defendant's motion for sentence reduction is hereby DENIED.

[¶7] On February 2, 2017, Mr. Alford filed his timely notice of appeal to this Court.

## STANDARD OF REVIEW

[¶8] We review a district court's ruling on a Rule 35 motion for sentence reduction as follows:

The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. The sentencing judge is in the best position to decide if a sentence modification is appropriate, and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant

deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument. *Hart v. State*, 2016 WY 28, ¶ 7, 368 P.3d 877, 878 (Wyo. 2016) (quoting *Chapman v. State*, 2015 WY 15, ¶ 7, 342 P.3d 388, 391 (Wyo. 2015)).

## DISCUSSION

[¶9] Wyoming's rule governing motions for sentence reduction states:

A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

W.R.Cr.P. 35(b) (LexisNexis 2017).

[¶10] Concerning a sentencing court's discretion under Rule 35(b), we have observed that "[t]he trial judge who sentenced the defendant is in the best position to decide if a sentence reduction is appropriate, and can accept or reject information submitted in support of a sentence reduction at its discretion." *Hart*, ¶ 9, 368 P.3d at 879 (citing *Boucher v. State*, 2012 WY 145, ¶ 10, 288 P.3d 427, 430 (Wyo. 2012)). The court's order need not detail the judge's decision process or describe the specific information a defendant provided in support of the motion. *Id.*, ¶ 11, 368 P.3d at 879. It is sufficient that the order indicates the court considered and was fully informed on the motion. *Id.* We have also held that "[i]f a motion to reduce a sentence is filed outside of the prescribed time limits, the district court is deprived of

jurisdiction to hear the motion." *Hitz v. State*, 2014 WY 58, ¶ 11, 323 P.3d 1104, 1106 (Wyo. 2014) (quoting *Tomlin v. State*, 2001 WY 121, ¶ 6, 35 P.3d 1255, 1256 (Wyo. 2001)). The proper ruling on a Rule 35(b) motion that is not timely filed is dismissal of the motion. *Id.*, ¶ 18, 323 P.3d at 1107.

[¶11] As his sole claim of error, Mr. Alford contends that the district court denied his Rule 35(b) motion based on a finding that the motion was not timely filed. Mr. Alford contends that this finding is plainly not accurate since he was sentenced on June 25, 2015 and filed his Rule 35(b) motion on June 16, 2016, within the Rule 35(b) one-year time limit. In support of this reading of the court's order, Mr. Alford points to the order's specific recitation of the Rule 35(b) time limits. Because we conclude that the district court's denial of the motion was not based on the timing of Mr. Alford's filing, we reject his claim of error.

[¶12] Although the order's abridged Rule 35(b) quote is admittedly somewhat confusing, we do not read the order as denying Mr. Alford's motion on the basis it was not timely filed. First, the order points to considerations other than the timing of Mr. Alford's filing. The order states that the Court reviewed the file and was fully informed on the motion, and it specifically notes that Mr. Alford's plea and sentence resulted from a plea agreement, the terms of which were fully disclosed. Additionally, the order makes no finding that Mr. Alford's motion was not timely filed. Finally, if the court were to make a finding that the motion was not timely filed, we would expect, consistent with our precedent, that the court's ruling would have been dismissal of the motion rather than denial of the motion. In the absence of a finding that the motion was untimely and a dismissal of the motion for lack of jurisdiction, we read the order as an exercise of the court's discretion to deny the motion based on the court's consideration of the motion and entire file. In that, Mr. Alford does not claim an abuse of discretion and we find none.

## CONCLUSION

[¶13] Although the district court cited the Rule 35(b) time limits in its order denying

Mr. Alford's Rule 35(b) motion, there is no indication the court denied Mr. Alford's motion on the basis it found the motion was not timely filed. Mr. Alford does not allege any other error in the district court's ruling, and we therefore find no abuse of discretion in the district court's order denying Mr. Alford's motion for sentence reduction. Affirmed.