DAVIS, Chief Justice.
[¶1] William Kenneth Hall was charged with fourteen felonies involving child sexual abuse and pled guilty to five of them. The district court accepted Mr. Hall's plea and the agreed-upon sentencing recommendation, and it sentenced him to an aggregate term of forty-five to fifty years in prison. Mr. Hall now appeals the court's denial of his W.R.Cr.P. 35(b) motion for sentence reduction. We affirm.
ISSUE
[¶2] Did the district court abuse its discretion in denying Mr. Hall's motion for sentence reduction?
FACTS
[¶3] In 2015, the State charged Mr. Hall with fourteen felonies, all relating to his sexual abuse of four children: four counts of second degree sexual abuse of a minor; one count of possession of child pornography; one count of causing, inducing, enticing, coercing, or permitting a child to engage in child pornography; four counts of felony taking immodest, immoral or indecent liberties with a child; and four counts of third degree sexual assault of a minor. Pursuant to a plea agreement, Mr. Hall pled guilty to five counts: two counts of sexual abuse of a minor in the second degree; one count of immodest, immoral or indecent liberties with a minor; and two counts of third degree sexual assault.
[¶4] The district court accepted Mr. Hall's plea and the sentence to which the parties agreed. On June 13, 2016, the court entered its judgment and sentenced Mr. Hall to eighteen to twenty years on each count of second degree sexual abuse of a minor and nine to ten years on the indecent liberties count, all to be served consecutively. On the two remaining counts of third degree sexual assault, the court sentenced Mr. Hall to a term of nine to ten years on one of the counts, to be served concurrent to the other sentences, and five to ten years on the other count, to be served consecutive to the other sentences but suspended in favor of ten years of supervised probation.
[¶5] On June 28, 2016, Mr. Hall filed a notice of appeal to this Court. On November 30, 2016, we summarily affirmed Mr. Hall's conviction after his counsel filed an Anders brief, and Mr. Hall failed to timely file a brief *331 in support of his appeal. Hall v. State , 2016 WY 115, 384 P.3d 282 (Wyo. 2016).
[¶6] On October 26, 2017, Mr. Hall filed a pro se motion for sentence reduction. He asked that his aggregate sentence be reduced by either making his consecutive sentences concurrent or by cutting the length of the consecutive sentences in half. In support of his motion he cited his good behavior in prison and attached a letter from his mother and a certificate of completion of a victim impact course.
[¶7] On October 30, 2017, the district court issued an order denying the motion for sentence reduction. The court indicated that it had reviewed Mr. Hall's motion and attachments, and the record, and ruled that "no sufficient showing has been made pursuant to Rule 35 of the Wyoming Rules of Criminal Procedure to justify or require a modification or reduction of the Defendant's sentences in the above-captioned matter." Mr. Hall thereafter filed a timely pro se appeal to this Court.
STANDARD OF REVIEW
[¶8] We review a district court's ruling on a Rule 35(b) motion for sentence reduction as follows:
The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. The sentencing judge is in the best position to decide if a sentence modification is appropriate, and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.
Alford v. State , 2017 WY 105, ¶ 8, 401 P.3d 902, 903-04 (Wyo. 2017) (quoting Hart v. State , 2016 WY 28, ¶ 7, 368 P.3d 877, 878 (Wyo. 2016) ).
DISCUSSION
[¶9] Our rule governing motions for sentence reduction states in relevant part:
A motion to reduce a sentence may be made ... within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court ... having the effect of upholding, a judgment of conviction .... The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.
W.R.Cr.P. 35(b).
[¶10] Mr. Hall contends the district court should have granted his motion for sentence reduction because: 1) the purpose of a prison sentence is to rehabilitate the inmate and prepare him to reenter society, and with his good behavior in prison, he has shown himself to be a good candidate for reentry; 2) a better legal team would have negotiated a more favorable plea agreement; and 3) his sentences are excessive and amount to a life sentence because he will be ninety-five before he completes them and men in his family do not usually live past age seventy-five. None of these grounds provides a basis for reversal.
1. Purpose of a Prison Sentence
[¶11] Contrary to Mr. Hall's assertion, rehabilitation is not the sole purpose of a prison sentence.
[I]t is generally recognized that a sentence is imposed for one or more of four purposes: (1) rehabilitation, (2) punishment (specific deterrence and retribution), (3) example to others (general deterrence), and (4) removal from society (incapacitation or protection of the public).
*332 Cohee v. State , 2005 WY 50, ¶ 20, 110 P.3d 267, 274 (Wyo. 2005) (quoting Wright v. State , 670 P.2d 1090, 1092-93 (Wyo. 1983) ) (emphasis in original).
[¶12] The purpose of a sentence is one factor, among many, that goes into a sentencing decision, Cohee , ¶ 20, 110 P.3d at 274, and it is the sentencing court that is in the best position to weigh that factor. Hart , ¶ 7, 368 P.3d at 878 (quoting Chapman v. State , 2015 WY 15, ¶ 7, 342 P.3d 388, 391 (Wyo. 2015) ). Additionally, "[w]e have long held the view that it would be unwise to usurp what is properly a function of the district courts by finding an abuse of discretion in denying a sentence reduction motion simply because it was supported by evidence of a defendant's commendable conduct while incarcerated." Hart , ¶ 10, 368 P.3d at 879 (quoting Conkle v. State , 2013 WY 1, ¶ 14, 291 P.3d 313, 315 (Wyo. 2013) ).
[¶13] Mr. Hall pled guilty to multiple crimes with multiple child victims. The record provides no basis on which we can find that the district court abused its discretion in refusing to make Mr. Hall's reentry into society a primary goal based on his conduct in prison.
2. Effectiveness of Counsel
[¶14] Mr. Hall next claims that his legal team should have negotiated a more favorable plea agreement. We reject this argument as barred by res judicata .
[¶15] "Res judicata bars litigation of issues that were or could have been determined in a prior proceeding." Nicodemus v. State , 2017 WY 34, ¶ 11, 392 P.3d 408, 411 (Wyo. 2017) (citing Bird v. State , 2015 WY 108, ¶ 10, 356 P.3d 264, 267 (Wyo. 2015) ). Mr. Hall filed a notice of appeal from his original conviction, was given an extension of time in which to file a brief, and then failed to do so. Because Mr. Hall's claim of ineffective assistance of counsel could have been raised and determined in his earlier appeal, it is now barred.
3. Excessiveness of Sentence
[¶16] In his final claim, Mr. Hall asserts his sentence is effectively a life sentence because he is unlikely to live until the age of ninety-five. He contends such a sentence is excessive for his crimes.
[¶17] Mr. Hall pled guilty to the sexual abuse of multiple child victims, including four counts involving sexual intrusion, and a fifth count based on his act of compelling two children to perform sexual acts on one another. The sentences the district court imposed for each of the counts were within the statutory limits, and Mr. Hall has not suggested otherwise. Finally, the court was aware of and gave consideration to the gravity of the aggregate sentence. During sentencing, defense counsel commented that Mr. Hall's sentence "is likely to result in his death in the penitentiary or at best, a release some time far in the future when he's a very old man." In nonetheless accepting the agreed upon sentences, the court commented:
[T]he Court would agree with the plea agreement and the joint sentences recommended in this case. There's an awful lot of consideration, I think, that was given to the positions asserted on both sides. The jointly recommended sentences are very significant. I note that by Mr. Hall's entering the pleas, we did not have to go to trial and have to have a trial proceeding that would further involve the victims and their reliving the events and issues that may have related to these events in this case.
But with those comments, the plea agreement is appropriate. Pursuant to that agreement and based upon my independent review of the defendant's prior criminal record, I believe it's four or five pages of the presentence investigation report, also a review of the seriousness of the crimes that were involved in this case, and most significantly, the victim impact, which is very huge, I note the statement by [a victim's father] and the previous statement by [victim], the impact is absolutely huge in these types of cases, and I noted that.
[¶18] We have said that "[t]he purpose of Rule 35 is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant."
*333 Hart , ¶ 9, 368 P.3d at 879 (quoting Boucher v. State , 2012 WY 145, ¶ 10, 288 P.3d 427, 430 (Wyo. 2012) ). Our role in reviewing the denial of a sentence reduction is limited, and we do not substitute our judgment for that of the sentencing court.
The sentencing judge is in the best position to decide if a sentence modification is appropriate, and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion.
Hart , ¶ 7, 368 P.3d at 878 (quoting Chapman , ¶ 7, 342 P.3d at 391 ).
[¶19] The district court properly considered Mr. Hall's motion for sentence reduction and had a rational basis for denying it. We find no abuse of discretion in the court's decision.
[¶20] Affirmed.