# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 31

### OCTOBER TERM, A.D. 2021

### March 2, 2022

ROBERT RAY SCHNEIDER,

Appellant
(Defendant),

v.                                                                      S-21-0196

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Lincoln County*
*The Honorable Joseph B. Bluemel, Judge*

*Representing Appellant:*

*Ryan A. Semerad, The Fuller Law Firm, Casper, Wyoming.*

*Representing Appellee:*

*Bridget Hill, Attorney General; Jenny Lynn Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General.*

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*\*Justice Davis retired from judicial office effective January 16, 2022, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2021), he was reassigned to act on this matter January 18, 2022.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]   After his tenth driving under the influence (DUI) conviction, Robert Schneider was required to operate only vehicles equipped with an interlock device.  Mr. Schneider applied for relief from that requirement, after eight years of sobriety as allowed by statute, and requested a hearing to show cause.  The district court, without explanation, denied his request for a hearing and denied his application to remove the interlock device.  Mr. Schneider appealed, and we reverse and remand.

## *ISSUES*

[¶2]   Mr. Schneider raises two issues:

> I.   Did the district court abuse its discretion by not holding a hearing to allow Mr. Schneider to show good cause after he had made a prima facie showing of relief?
>
> II.   Was the district court required to make findings of fact?

## *FACTS*

[¶3]   Mr. Schneider has ten DUI convictions, the latest on August 18, 2012.[1]  He pled guilty to that offense on May 28, 2013, and was sentenced on July 22, 2013.

[¶4]   Wyoming law requires that a driver who has four or more DUI convictions operate only vehicles equipped with an ignition interlock device "for the remainder of the offender's life, except five (5) years from the date of conviction and every five (5) years thereafter," the driver may apply to the court to have the device removed.  Wyo. Stat. Ann. § 31-5-233(f)(v) (LexisNexis 2021).  The court may grant this request if the driver has not had a subsequent DUI conviction, and for good cause shown.  *Id.*

[¶5]   Mr. Schneider was required to have an interlock device in his car for life after his 2013 conviction.  He applied to the district court to have the interlock removed on June 14, 2021.  He asserted that five years had passed since his conviction and he had not been convicted of another DUI, and attached Wyoming Department of Transportation driver history record in support.  He said good cause existed because he had been sober since his conviction, took sobriety seriously, and was no longer a risk to public safety.  Mr. Schneider requested a hearing on his application.  The State opposed Mr. Schneider's application, arguing that the number and frequency of his DUIs warranted continued caution.

---

[1] Mr. Schneider contends he has eight DUI convictions.  The number does not affect the outcome in this case.

1

[¶6]    The district court denied Mr. Schneider's application without explanation. The court declined to set a hearing, stating that its order resolved the matter. Mr. Schneider timely appealed to this Court.

## *STANDARD OF REVIEW*

[¶7]    Mr. Schneider argues that the district court abused its discretion because it did not hold a hearing. We review a trial court's exercise of discretion for abuse of that discretion. *Coffey v. State*, 2021 WY 21, ¶ 8, 479 P.3d 1263, 1265 (Wyo. 2021). "The ultimate issue that we decide in determining whether there has been an abuse of discretion is whether or not the court could have reasonably concluded as it did." *Knospler v. State*, 2016 WY 1, ¶ 12, 366 P.3d 479, 482 (Wyo. 2016) (quoting *Lawrence v. State*, 2015 WY 97, ¶ 10, 354 P.3d 77, 80 (Wyo.2015)). We will not reverse its decision if there is a legitimate basis for its ruling. *Requejo v. State*, 2019 WY 44, ¶ 7, 439 P.3d 747, 749 (Wyo. 2019).

## *DISCUSSION*

### I.    *Wyo. Stat. Ann. § 31-5-233(f)(v) requires the court to hold a hearing to allow a defendant to show good cause after he has made a prima facie showing for relief.*

[¶8]    Mr. Schneider argues that Wyo. Stat. Ann. § 31-5-233(f)(v) requires the court to hold a hearing to give him the opportunity to show good cause. We review issues of statutory interpretation de novo. *Butler v. State*, 2015 WY 119, ¶ 6, 358 P.3d 1259, 1262 (Wyo. 2015) (citing *Qwest Corp. v. Pub. Serv. Comm'n of Wyo.*, 2007 WY 97, ¶ 3, 161 P.3d 495, 497 (Wyo. 2007)).

[¶9]    "The goal of statutory interpretation is to 'give effect to the intent of the legislature primarily on the plain and ordinary meaning of the words used in the statute.'" *Harrison v. State*, 2021 WY 40, ¶ 7, 482 P.3d 353, 356 (Wyo. 2021) (quoting *Raczon v. State*, 2021 WY 12, ¶ 8, 479 P.3d 749, 751 (Wyo. 2021)). When interpreting a statute, "the plain, ordinary, and usual meaning of words used in a statute controls in the absence of clear statutory provisions to the contrary. Where there is plain, unambiguous language used in a statute there is no room for construction." *Cercy v. State*, 2019 WY 131, ¶ 21, 455 P.3d 678, 685 (Wyo. 2019) (citing *Hopkins v. State*, 2019 WY 77, ¶ 7, 445 P.3d 582, 585 (Wyo. 2019)).

[¶10]   The governing statute provides:

> Any person convicted under this section or other law prohibiting driving while under the influence as defined in W.S. 31-5-233(a)(v), or whose prosecution under this section

2

is deferred under W.S. 7-13-301, shall, in addition to the penalty imposed:

\* \* \*

For a fourth or subsequent conviction, operate only vehicles equipped with an ignition interlock device, pursuant to W.S. 31-7-401 through 31-7-404, for the remainder of the offender's life, except five (5) years from the date of conviction and every five (5) years thereafter, the offender may apply to the court for removal of the ignition interlock device required by this paragraph. The court may, ***for good cause shown***, remove the ignition interlock device requirement if the offender has not been subsequently convicted of driving a motor vehicle in violation of this section or other law prohibiting driving while under the influence as defined in W.S. 31-5-233(a)(v).

Wyo. Stat. Ann. § 31-5-233(f)(v) (emphasis added).

[¶11] The parties have different interpretations of what "good cause shown" means in the context of § 31-5-233(f)(v). Mr. Schneider believes that it requires the court to hold a hearing, when the applicant has shown he otherwise qualifies under § 31-5-233(f)(v). The State contends the court has discretion whether to hold a hearing.

[¶12] The applicant must meet three requirements to have the interlock device removed § 31-5-233(f)(v). At least five years must have passed since his last DUI conviction. He must not have a subsequent DUI conviction. Finally, he must show good cause as to why the interlock device should be removed. The first two requirements are straightforward: either the applicant does or does not meet them. The third requirement is more fact sensitive and requires the court to consider the applicant's history and current circumstances.

[¶13] Neither this Court nor the legislature has defined what constitutes good cause under § 31-5-233(f)(v). We find it necessary to do so in order to determine if § 31-5-233(f)(v) requires the court to hold a hearing. New Mexico has a similar statute that requires a driver with four or more DUI convictions to operate only a vehicle equipped with an interlock device for the rest of his life. N.M. Stat. Ann. § 66-5-5(D). Every five years, the driver may apply to have the interlock removed. *Id.* "[T]he court, ***upon good cause being shown***, may order restoration of the license" and remove the ignition interlock device if the driver does not have a subsequent DUI conviction. *Id.* (emphasis added). The New Mexico Court of Appeals was faced with determining what the applicant is required to show under the good cause requirement to have his interlock device removed. *DeMichele v. State, Taxation and Revenue Dept. Motor Vehicle Div.*, 356 P.3d 523, 526 (N.M. Ct. App. 2015).

3

The court reasoned that the purpose of having an interlock device was to protect the public from unsafe drivers that had a history of alcohol abuse. *Id.* at 529. It therefore concluded that in order to show good cause, the applicant must "demonstrate that he or she no longer presents a threat to public safety if given an unrestricted license." *Id.* The court further held that the application cannot be denied based only on the number of DUIs the applicant had, saying the New Mexico Legislature enacted a statute that gave drivers with numerous DUI convictions the ability to remove the interlock device. *Id.* at 530. "Had the Legislature intended that people receiving six [DUI] convictions be required to maintain an interlock device indefinitely, despite a showing of good cause, the Legislature could have drafted the statute to say so." *Id.*

[¶14] Our statute is similar to New Mexico's statute; we find that court's reasoning compelling. We hold that an applicant shows good cause under § 31-5-233(f)(v) when he demonstrates that he would no longer present a threat to public safety if he were permitted to drive without an interlock device. We agree with the New Mexico court that a court may not deny an application to remove an interlock device based solely on the applicant's number of DUI convictions. It may be a factor in determining whether the applicant poses a risk, but it is not determinative.

[¶15] The legislature intended that an applicant be entitled to a hearing, to make a good cause showing, and provide relevant evidence. It will necessarily require evidence of the applicant's sobriety, including the length of sobriety, how the applicant maintains it, and the applicant's commitment to it. The applicant may testify to the circumstances surrounding his sobriety, and perhaps call witnesses to corroborate his testimony. This will entail weighing evidence and determining credibility. Because the legislature understands the legal framework within which it enacts laws, we conclude it understood this and intended that the applicant have an opportunity for a hearing. *See Hayse v. Wyoming Bd. of Corner Standards*, 2020 WY 4, ¶ 6, 455 P.3d 267, 270 (Wyo. 2020) ("We presume that the legislature has acted in a thoughtful and rational manner with full knowledge of existing law, and that it intended new statutory provisions to be read in harmony with existing law and as part of an overall and uniform system of jurisprudence.") (quoting *Wyo. Jet Ctr., LLC v. Jackson Hole Airport Bd.*, 2019 WY 6, ¶ 12, 432 P.3d 910, 915 (Wyo. 2019)). We therefore hold that if an applicant makes a prima facie showing of good cause, § 31-5-233(f)(v) requires that a court afford the applicant an opportunity for a hearing.[2]

[¶16] Mr. Schneider made a prima facie showing of good cause in his application by alleging he had been sober since his conviction, took sobriety seriously, and was no longer a risk to public safety. The district court should have granted his request for a hearing. It

---

[2] Prima facie means "[s]uch evidence as is sufficient to establish a given fact, or the group or chain of facts and which if not rebutted or contradicted, will remain sufficient." *Wyoming Bd of Land Comm'rs v. Antelope Coal Co.*, 2008 WY 60, ¶ 12, 185 P.3d 666, 669 (Wyo. 2008) (quoting *Kruzich v. Martin–Harris Gallery*, 2006 WY 7, ¶ 16, 126 P.3d 867, 874 (Wyo. 2006))

4

abused its discretion by denying the application without one. We therefore reverse and remand for a hearing on Mr. Schneider's application.

## II. *The district court was not required to make findings of fact and explain its reasoning.*

[¶17] Since we are remanding, we will address Mr. Schneider's concerns with the district court's failure to make findings of fact. The district court issued a one-page order denying Mr. Schneider's application, which read:

> Considering the Defendant's <u>Application for Relief from Lifetime Interlock Requirement</u>, as well as the response of the State of Wyoming filed herein and the Court being fully advised in the premises;
>
> It is hereby ordered that the defendant's request for relief is DENIED.
>
> This <u>Petition</u> shall not be set for a hearing as this Order itself resolves the matter.

[¶18] Mr. Schneider contends it is impossible to know if the court could have reasonably concluded as it did because it made no findings of fact and did not explain its reasoning. The State argues that the district court did not abuse its discretion, and it contends that the interlock device is essentially part of Mr. Schneider's sentence, so a § 31-5-233(f)(v) application should be treated the same procedurally as a motion for sentence reduction under W.R.Cr.P. 35(b).[3] A court does not have to explain its findings in a 35(b) motion, but the order must indicate that the court considered and was fully informed on the motion. *Alford v. State*, 2017 WY 105, ¶ 10, 401 P.3d 902, 904 (Wyo. 2017) (citing *Hart v. State*, 2016 WY 28, ¶ 11, 368 P.3d 877, 879 (Wyo. 2016)). The State argues the same standard applies to § 31-5-233(f)(v).

---

[3] Rule 35(b) reads:
> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

5

[¶19] But there are key differences between a § 31-5-233(f)(v) application and a W.R.Cr.P. 35(b) motion. The interlock device requirement was not imposed by the district court as part of Mr. Schneider's sentence. It is instead a statutory requirement that is in addition to whatever penalty a court may impose and is administered and enforced by the Wyoming Department of Transportation. Wyo. Stat. Ann. §§ 31-5-233(f); 31-7-401-404. Section 31-5-233(f)(v) allows the applicant to submit an application every five years, whereas 35(b) prohibits the defendant from submitting the motion more than one year after sentencing or an entry of an order or judgment by this Court. Section 31-5-233(f)(v) allows the court to grant the application if the applicant has not had a subsequent DUI conviction and shows good cause, whereas 35(b) imposes no standard for ruling on a motion for sentence reduction. Section 31-5-233(f)(v) and 35(b) are different, and we hold the procedure for a 35(b) motion does not apply to a § 31-5-233(f)(v) application.

[¶20] Although § 31-5-233(f)(v) does not impose a requirement that the district court make findings of fact, we have admonished:

> To play fair, a trial judge relying on discretionary power should place on record the circumstances and factors that were crucial to his determination. He should spell out his reasons as well as he can so that counsel and the reviewing court will know and be in a position to evaluate the soundness of his decision.

*Booth v. Booth*, 2019 WY 5, ¶ 22, 432 P.3d 902, 909 (Wyo. 2019) (quoting *Reavis v. Reavis*, 955 P.2d 428, 431-32 (Wyo. 1998)) (overruled on other grounds).

[¶21] In the absence of such findings, we are left to "piece together the court's reasoning based on the record before us." *Booth*, 2019 WY 5, ¶ 22, 432 P.3d at 910 (citing *Meehan-Greer v. Greer*, 2018 WY 39, ¶ 29, 415 P.3d 274, 282 (Wyo. 2018)).

> [I]t is important that the exercise of discretion be accompanied by the trial court's articulation of the factors considered and the weight accorded to them. . . . [A]rticulation of the reasons for the decision tends to provide a firm base for an appellate judgment that discretion was soundly exercised. It confines review of the exercise of discretion to its appropriate scope— i.e., whether the relevant factors were considered and given appropriate weight. . . .

*Pace v. Pace*, 2001 WY 43, ¶ 15, 22 P.3d 861, 866 (Wyo. 2001) (quoting *United States v. Criden*, 648 F.2d 814, 819 (3d Cir. 1981) (overruled on other grounds).

## *CONCLUSION*

[¶22]   Wyo. Stat. Ann. § 31-5-233(f)(v) requires the court to hold a hearing to give the applicant an opportunity to show good cause after he has made a prima facie showing for relief.  The district court erred and abused its discretion by denying Mr. Schneider's request for a hearing.  Findings of fact and an articulation of the district court's reasoning, though not strictly required, are certainly helpful.

[¶23]   Reversed and remanded for further proceedings.